PUBLICKER INDUSTRIES, INC. *v.* UNITED STATES

Court No. 72-2-00441

(Decided March 6, 1975)

*Sharretts, Paley, Carter & Blauvelt (Patrick D. Gill* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

RICHARDSON, Judge: The merchandise in this case, described on the commercial invoice as "earth argillaceous" and imported at the port of Philadelphia, Pa. from West Germany in December, 1968 and February, 1969, was classified in liquidation under TSUS item 523.91 as modified by Presidential Proclamation 3822 as mineral substances, and articles of mineral substances, not specially provided for, not decorated, and other than crude mineral substances, at the rate of 13 or 12 *per centum ad valorem,* depending upon date of entry. It is claimed by the plaintiff-importer, a manufacturer of ethyl alcohol, in this action following the denial of its administrative protest that the merchandise should be classified as silica, not specially provided for, under TSUS item 523.11, free of duty.

It was conceded by the defendant in interrogatories taken at the instance of the plaintiff and received in evidence at the trial that if the imported silica balls were not impregnated with phosphoric acid at the time of importation then they should be classified as claimed herein, and further, that the bases for classification of the merchandise covered by the entries the subject of this action were customs laboratory reports relating to merchandise of prior importations made by the plaintiff, no tests having been made by the government on merchandise covered by the entries involved in this action. Thus, the issue in the case is whether the imported merchandise, which are silica balls, was impregnated with phosphoric acid at the time of importation.

At the trial plaintiff called one witness, Sidney Goldstein, vice president of Publicker Industries, Inc., in charge of engineering and production and a graduate chemical engineer who has been associated with the plaintiff for over 30 years. He demonstrated how one could

determine whether or not silica balls have been impregnated with phosphoric acid, by putting a catalyst pellet on your tongue and if the taste is sour it has been impregnated. If the taste is "dry" or "tasteless" the silica balls are without phosphoric acid.

He identified and taste tested samples taken from plaintiff's exhibits 2 and 3 which consisted of silica balls without acid and silica balls with acid respectively (R. 14–18). Exhibit 2 was from one of the last four shipments of the merchandise in issue, which consisted of silica balls without acid, and exhibit 3 was from one of the first two shipments which contained phosphoric acid. If the silica balls do not contain phosphoric acid alcohol would not be produced. He testified that in order to cut his company's costs he began to import the silica balls and impregnate them with domestically produced phosphoric acid, which was cheaper than German phosphoric acid. Plaintiff introduced into evidence eight (8) exhibits. Defendant called one witness, namely, Frederick J. Pantella, senior import specialist at the port of Philadelphia in charge of the chemicals line, and who examined the merchandise in issue and made advisory classifications thereon. Defendant introduced into evidence five (5) exhibits. Subsequent to the trial plaintiff filed a twenty (20) page brief. Defendant responded with a statement seeking to be relieved from filing a brief.

In its statement defendant asserts, among other things:

After reviewing the plaintiff's brief and the evidence submitted at trial, the defendant concedes that plaintiff has established the factual basis for its claimed classification of the imported materials, described in the invoices as "earth arigillaceous", under item 523.11, TSUS, as silica not specially provided for.

In view of the evidence of record and the defendant's concessions, the court finds that the merchandise in issue is in fact silica balls which were not impregnated with phosphoric acid at the time of importation. It follows, therefore, that the complaint is sustained by the evidence. As such, the imported merchandise is entitled to duty free entry under TSUS item 523.11.

Judgment will be entered herein accordingly.